IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-cv-00559-BO-RJ

| | |
|---|---|
| DELBERT QUILLEN WARD, <br> Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | )     O R D E R |
| CITY OF RALEIGH, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) |

This case is before the Court on Defendant City of Raleigh's motion to dismiss [DE 7]. The plaintiff has responded, and the defendant has replied. In this posture, the motion is ripe for ruling. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

On August 28, 2020, Plaintiff Delbert Quillen Ward was attending a protest for racial justice in downtown Raleigh. At the time, an 11:00 PM emergency curfew was in place. At roughly 11:30 PM, approximately three to four hundred protestors remained on the streets, of which Ward was one. While leaving the protest, Ward began recording an interaction between SWAT officers and another person. Plaintiff alleges that Raleigh police officers then chased him throughout downtown Raleigh while firing flash bang devices and pepper balls, before Plaintiff stopped after being struck by the side mirror of a police vehicle. Plaintiff further alleges that he immediately stopped and put his hands up, at which point he was tackled by officers and arrested. While arrested, Plaintiff alleges that he was denied appropriate medical assistance and was never read his Miranda warnings. As a result, Plaintiff suffered lacerations, contusions, and a concussion with lasting effects.

Plaintiff Ward has filed the present suit seeking to hold the City of Raleigh liable for his injuries. Particularly, he has filed a state law battery claim and a claim under 42 U.S.C. § 1983 for the use of excessive force by the Raleigh police officers.

ANALYSIS

## I. State Law Battery Claim

Plaintiff Ward filed a state law battery claim, alleging that Raleigh police officers committed battery against him when he was arrested after the 11:00 PM curfew. In response, the City of Raleigh argues that the actions of the police officers were protected by governmental immunity. The Court agrees with the City of Raleigh.

Governmental immunity provides a complete defense that "shields a defendant entirely from having to answer for its conduct at all in a civil suit for damages." *Craig ex rel. Craig*, 678 S.E.2d 351, 354 (N.C. 2009). This immunity exists when the government is performing governmental functions, such as providing police services. *Arrington v. Martinez*, 716 S.E.2d 410, 414 (N.C App. 2011). North Carolina state courts have not resolved whether governmental immunity provides a bar to suit on subject matter jurisdiction or personal jurisdiction grounds. *Yarbrough v. East Wake First Charter Sch.*, 108 F. Supp. 3d 331, 336 (E.D.N.C. 2015). In both cases, however, the plaintiff bears the burden of demonstrating that federal district court jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (subject matter jurisdiction); *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (personal jurisdiction). To demonstrate appropriate jurisdiction, the plaintiff must plead waiver of governmental immunity and show the basis for such waiver. *M Series Rebuild, LLC v. Town of Mount Pleasant, Inc.*, 730 S.E.2d 254, 257 (N.C. App. 2012).

2

The City of Raleigh has chosen to waive its immunity in very limited circumstances—for instance, by requiring a plaintiff to accept limited damages and to execute a release of all claims against other parties involved in the incident [DE 10 at 9]. Here, Plaintiff Ward did not and has not executed the required release [DE 14 at 7]. In response, Plaintiff argues that the question of immunity is not properly before the Court at this time [DE 14 at 6]. Immunity, however, is a jurisdictional question that serves as an absolute bar to suit and must be addressed as an initial matter. Plaintiff has alleged no other adequate basis supporting waiver of governmental immunity. For these reasons, the City of Raleigh is protected by governmental immunity and the state law battery claims must be dismissed.

## II. 42 U.S.C. § 1983 Claim

Plaintiff Ward also filed a claim under 42 U.S.C. § 1983, which holds liable any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who deprives another of a constitutional right. The City of Raleigh argues that the plaintiff has failed to allege facts sufficient to make out a § 1983 claim. The Court agrees with the City of Raleigh.

A municipality may be held liable as a "person[]" for the constitutional harms inflicted by those that it employs—however, the municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, municipal liability only arises if the city-employed tortfeasor is acting in furtherance of a policy or custom of the municipality itself. *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009). The policy must be attributable to the municipality as its "own," and the policy must be the "moving force" behind the constitutional harm alleged. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). To survive dismissal, the plaintiff must allege

3

(1) the existence of specific policy or custom, (2) that the policy was created by the municipality, and (3) that there is an "affirmative link" between the municipal policy and the ultimate constitutional harm suffered. *Id.* at 1389.

Here, Plaintiff Ward has failed to allege facts showing an affirmative link between the municipal policy and his ultimate constitutional injuries. Ward points to the 11:00 PM curfew as the relevant municipal policy, claiming that the actions of the police officers in enforcing the curfew violated his constitutional rights [DE 14 at 5–6]. While Ward would likely not have been injured but for the existence of the curfew, § 1983 requires that the policy or custom be the "'moving force' behind the particular constitutional violation." *Spell*, 824 F.2d 1380, 1387. The curfew cannot be said to be the "moving force" behind the excessive force violation alleged by Ward because there is no affirmative link between the mere existence of the policy and the alleged deprivation of federal rights.

Alternatively, Ward asks that the Court infer into his initial complaint an allegation that the City of Raleigh failed to adequately train its police officers [DE 14 at 6]. However, in neither the Complaint nor the Response does Ward allege any facts about particular training policies or deficiencies. In a failure-to-train claim under § 1983, it is necessary that the Plaintiff allege facts showing "deliberate indifference" or "reckless disregard" to the rights of citizens in how the municipality chooses to train its police officers. *Semple v. City of Moundsville*, 195 F.3d 708, 713 (4th Cir. 1999). Ward falls short of that standard here, and his § 1983 *Monell* claim against the City of Raleigh fails as a matter of law.

Finally, punitive damages are unavailable for § 1983 claims against municipalities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). For this reason alone, Plaintiff's request for punitive damages as a result of excessive force must be dismissed.

4

## CONCLUSION

For these reasons, the motion to dismiss is GRANTED in its entirety. The clerk is DIRECTED to close the case.

SO ORDERED, this 17 day of October 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE